UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| CLIFTON C. WILLIAMS IV, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 3:18-CV-587-CHB |
| v. | ) ) | |
| LOUISVILLE METRO POLICE DEPT., et al., | ) ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Clifton C. Williams IV initiated this *pro se* civil action. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss this action.

## I. SUMMARY OF COMPLAINT

Plaintiff completed a general complaint form to initiate this action. As Defendants, he names Louisville Metro Police Department, Louisville Metro Government, and "Ofc. Faulkner." As the basis of this Court's jurisdiction, Plaintiff writes, "violation of civil rights, inethical treatment, breach of privacy." As to the amount in controversy, Plaintiff indicates, "I have [] began a follow up of medical treatment." As his statement of the claim, Plaintiff writes, "Medical Bills, punitive damages, harassment, public breach of privacy including hippa violation." Finally, in the relief section of the complaint, Plaintiff states, "Breach of privacy: I am still engulfed with the issue of private citizens in contact with my personal information driving to my own knowledge continued prolong damages to the facial area of plaintiffs." The complaint contains no other information.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the Court must review this action under 28 U.S.C. § 1915(e). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327; *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (indicating that an action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible"). Here, the complaint contains no discernible facts upon which a valid federal claim may rest. Therefore, dismissal on the basis of frivolousness is appropriate. *See Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958-59 (6th Cir. 2004).

In addition, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). The complaint also fails to meet this basic pleading standard. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds* by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

## III. CONCLUSION

For these reasons, the Court will enter a separate Order dismissing this action.

Date: October 18, 2018

*Claria Horn Boom*
Claria Boom, District Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Jefferson County Attorney
A958.011